**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0910-19

BERNARD REID,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted March 23, 2021 – Decided April 15, 2021

Before Judges Yannotti and Natali.

On appeal from the New Jersey Department of Corrections.

Bernard Reid, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Marvin L. Freeman, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Bernard Reid is incarcerated at the New Jersey State Prison in Trenton. He appeals from a July 30, 2019 final determination of the Department of Corrections (DOC) maintaining his continued placement in the prison's Management Control Unit (MCU). We affirm.

The MCU is "a close custody unit to which an inmate may be assigned if the inmate poses a substantial threat to the safety of others; of damage to or destruction of property; or of interrupting the operation of a State correctional facility." N.J.A.C. 10A:5-1.3; see also N.J.A.C. 10A:5-2.5(a). "MCU confinement for inmates is not imposed as punishment but is used to prevent a potentially dangerous situation within the prison." Taylor v. Beyer, 265 N.J. Super. 345, 346-47 (App. Div. 1993).

DOC regulations detail the criteria to be considered in placing an inmate in MCU. N.J.A.C. 10A:5-2.4. Inmates assigned to the MCU are reviewed by the Management Control Unit Review Committee (MCURC) for continued placement in the MCU on a 90-day basis. N.J.A.C. 10A:5-2.6(a). An inmate can be released from the MCU when the inmate no longer poses "an identifiable threat . . . [t]o the safety of others"; "[o]f damage to, or destruction of property"; or "[o]f interrupting the secure and/or orderly operation of a State correctional facility." N.J.A.C. 10A:5-2.6(i)(2).

2

On June 25, 2019, the MCURC conducted the standard quarterly review of appellant's placement in the MCU as required by N.J.A.C. 10A:5-2.3. Appellant was notified of the hearing but refused to attend.

The MCURC considered the documentary evidence and found appellant's continued placement in the MCU necessary because of his "continued refusal to attend [his] hearing reviews, and the lack of participation in available programs." The MCURC also based its decision on appellant's extensive and serious disciplinary history consisting of "259 disciplinary charges," including "132 charges preceded by an asterisk".[1] Those charges included:

> [A]ssault, assault with a weapon, threatening with bodily harm, possession of a weapon, . . . setting a fire, encouraging others to riot, engaging or encouraging a group demonstration, fighting, refusing to obey, abusive or obscene language toward staff, indecent exposure, and throwing bodily fluids, refusing to submit to a search[,] and conduct which disrupts.

The DOC upheld the MCURC's decision in a July 30, 2019 final agency decision. The DOC determined that the MCURC complied with N.J.A.C. 10A:5-2.6, the decision was based on substantial credible evidence in the record,

---

[1] Asterisk charges are "considered the most serious and result in the most severe sanctions." N.J.A.C. 10A:4-4.1.

and appellant's continued placement in the MCU was appropriate and necessary based on the facts of the case.

Before us, appellant argues that he should be released from the MCU because: 1) his continued placement violates the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49; 2) the MCURC incorrectly failed to conclude that DOC officials "willfully and knowingly violated the law" and refused to discipline them as required by N.J.S.A. 52:13D-23(d) and N.J.S.A. 52:13D-26; and 3) the DOC's decision was arbitrary and capricious as it failed to consider all relevant evidence and reached its decision in violation of his due process rights. We reject appellant's arguments and conclude they are of insufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following comments to amplify our decision.

We will not interfere with an agency's final decision unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80, (1980). The Legislature has provided the Commissioner of the DOC with "broad discretionary power" in matters involving the administration of a prison facility. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999). Classification and transfer of State prisoners is placed within the sole discretion

of the Commissioner of the DOC. N.J.S.A. 30:4-91.1 to -91.3; see also Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 29-30 (App. Div. 2001).

We reject appellant's claim that the DOC violated his rights under the LAD as factually and legally incognizable. In this regard, appellant fails to cite to any specific provision of the LAD, or provide any factual support to explain how the DOC or the MCURC violated the LAD in either its initial or subsequent decisions that he should be placed and remain in the MCU.

We also conclude that neither the DOC, nor any of its officials, "violated the law" in deciding that appellant's conduct warranted continued placement in the MCU as there was substantial, credible evidence in the record to support that determination. As noted, appellant has a significant disciplinary history including 259 disciplinary charges, 132 of which are serious asterisk offenses. These charges include assault with a weapon, setting a fire, and instigating a riot. He also failed to attend previous hearings and participate in available programs.

Finally, we find without merit appellant's claims that the DOC failed to provide him due process before rendering its decision. Ample "process" was afforded appellant through the DOC's regulations, which accorded him notice, the opportunity to receive legal assistance, the opportunity to be heard, and the ability to appeal the MCURC's decision. See N.J.A.C. 10A:5-2.6(b), -(c), -(i); N.J.A.C.

5

10A:5-2.7. The MCURC and the DOC abided by these regulations, provided appellant with notice of the hearing, which he declined to attend, and considered all relevant evidence before it. The DOC's final agency decision was not unreasonable as it was consistent with the applicable statutory and regulatory authority and supported by substantial evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0910-19